IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALFONZO A. ROSCOE, | : | CIVIL NO. 1:CV-07-1509 |
| Plaintiff, | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| C.O. DOBSON, et al., | : | |
| Defendants | : | |

## MEMORANDUM

Alfonzo A. Roscoe, an inmate confined at the Federal Correctional Institution at Schuylkill, Pennsylvania, filed this civil rights action on August 16, 2007. On the complaint form, he indicates that he is filing the matter as a combined Bivens[1] action pursuant to 28 U.S.C. § 1331, and complaint pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346. Before the Court is Defendants' motion to dismiss or, in the alternative, motion for summary judgment (Doc. No. 23). For the reasons that follow, the motion will be granted, and Plaintiff afforded the opportunity to file an amended complaint in this action.

**I.     BACKGROUND**

Plaintiff brings this action against the following employees at the Federal Correctional Institution at Allenwood ("FCI-Allenwood"), his former place of confinement: Correctional Officer Dodson[2], retired Senior Officer Specialist; Troy Williamson and Karen Hogsten, former Wardens; J. Esparaza and Bobby Meeks, former Associate Wardens; J. Lyons, Special Investigative Supervisor ("SIS") Lieutenant; B. Feltman, former SIS Lieutenant; Tim Burns,

---

[1] See Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).

[2] Defendant C.O. Dodson's name is misspelled in the Complaint where he is identified as C.O. Dobson.

former Captain; and Lieutenants Hepner and Clarkson.  In the complaint, Plaintiff states that on August 15, 2005, he was subjected to excessive force when Defendant Dodson began to shove, snatch and pull him through three doors, and thereafter threatened his life.  (Doc. No. 1, Compl. at 5.)  Plaintiff alleges that he was thereafter placed in the Special Housing Unit pending an investigation, and confined there until December 22, 2005.  He contends that Defendants repeatedly ignored his requests for information as to why he being held in the SHU and claims they failed to provide him with required review hearings.  He claims that despite Defendant Dodson's removal from the prison premises, Defendants continued to confine him in the SHU without explanation.  He alleges that his placement in the SHU was in retaliation for reporting the excessive force incident, and claims that his efforts to exhaust his claims regarding the assault and SHU placement were hindered by Defendants.

As relief, Plaintiff seeks damages for headaches, back pain, vertigo and other stress-related "physical maladies" he suffered as a result of the foregoing.  He also seeks damages for the pain and emotional trauma which resulted in anxiety, the loss of sleep and apprehension.

Pending is a motion to dismiss or, in the alternative, for summary judgment filed by Defendants.[3]  (Doc. No. 23.)  Defendants seek to dismiss the complaint because the Plaintiff's claims of assault and improper SHU placement are barred by the doctrine of claim/issue preclusion.  They further seek dismissal of the FTCA claim as barred by the applicable statute of limitations.  In the alternative, Defendants request the grant of summary judgment because

---

[3] The United States Marshals Service was unable to effect service upon Defendant S. Clarkson.  He was activated by the United States Air Force in November of 2007, and is currently deployed overseas on active military duty.  (Doc. No. 15.)  Because Clarkson was never served and, as such, has not requested representation by the United States Attorney's Office, the pending motion is not filed on his behalf.

Plaintiff failed to exhaust his administrative remedies and/or has procedurally defaulted his Bivens claims.

## II. STANDARD OF REVIEW

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. In reviewing a motion to dismiss, the court must "accept all factual allegations as true, construe the complaint in the light most favorable to plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008)(quoting Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n. 7 (3d Cir. 2002). The court is generally limited in its review to the face of the complaint, attached exhibits, and matters of public record in deciding motions to dismiss. In addition, factual allegations within documents described or identified in the complaint may be considered if the plaintiff's claims are based upon those documents. Pension Benefit Guar. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993). A district court may consider these documents as well as indisputably authentic documents, without converting a motion to dismiss into a motion for summary judgment. Spruill v. Gillis, 372 F.3d 218, 223 (3d Cir. 2004).

Although the moving party bears the burden of showing that no claim has been stated, Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2007), the plaintiff has an obligation to allege facts sufficient to "raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007) (internal citations omitted). Furthermore, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the

allegations in the complaint." Twombly, Id. at 1960.  When evaluating a motion to dismiss, a court need not "credit a complaint's 'bald assertions' or 'legal conclusions.'" Evancho v. Fisher, 423 F.3d 347, 354-55 (3d Cir. 2005).  Finally, when a plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face," Twombly, 127 S. Ct. at 1960, the complaint should be dismissed.  A district court should provide leave to amend "when amendment could cure the deficiency and would not be inequitable." Grayson v. Mayview State Hospital, 293 F.3d 103, 106 (3d Cir. 2002).

### III.   DISCUSSION

#### A.   Bivens claims

Defendants move for the dismissal of the assault and improper SHU placement claims pursuant to the doctrine of claim/issue preclusion.  Specifically, they contend that Plaintiff has previously raised these identical matters before this Court against most of the Defendants named in the instant action.  (Doc. No. 24, Attach. 1, Roscoe v. Dobson, et al., Civil No. 1:CV-05-2547, 2007 WL 328605 (M.D. Pa., Jan. 31, 2007).)  In the earlier action, this Court granted Defendants' motion for summary judgment after finding that Plaintiff had failed to exhaust his administrative remedies, and that his procedural default was not excusable. (Id., Attach. 1 at 3.) An appeal filed by Plaintiff with the United States Third Circuit Court of Appeals was dismissed on September 25, 2007.  (See Roscoe v. Dobson, 248 Fed. Appx. 440 (3d Cir. 2007).)

It is unnecessary to delve into a lengthy discussion with regard to Defendants' claim/issue preclusion argument for the following reasons.  After reviewing Plaintiff's brief in opposition to Defendants' motion, it is abundantly clear that he desires the instant action to proceed only under the FTCA.  While he indicates in his complaint that he also brings this action

under Bivens, and clearly appears to set forth claims pursuant thereto, he clearly abandons the Bivens claims and repeatedly expresses his desire to pursue this action only under the FTCA. In his brief Plaintiff states that "this is a **Federal Torts Claims Action**" naming federal prison employees as Defendants. (Doc. No. 29, Opp'n Br. at 2, 8)(emphasis in original).

Further, even if Plaintiff were attempting to pursue the Bivens claims regarding the excessive force and improper SHU confinement, it is clear that these claims are clearly barred by claim/issue preclusion. The Third Circuit Court of Appeals, quoting a decision by the United States Supreme Court, states as follows:

> Claim preclusion generally refers to an effect of a prior judgment in foreclosing successive litigation of the very same claim, whether or not re-litigation of the claims raises the same issues as the earlier suit. Issue preclusion generally refers to the effect of a prior judgment in foreclosing successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, whether or not the issue arises on the same or a different claim.

In re Continental Airlines, Inc., 279 F.3d 226, 232 (3d Cir. 2002) quoting New Hampshire v. Maine, 532 U.S. 742 (2002). In opposing Defendants' motion, Plaintiff admits that he has previously pursued the identical Bivens claims of excessive force and SHU confinement in the earlier lawsuit filed in this Court, and that he was unsuccessful. (Doc. No. 29 at 5.) Thus, to the extent Plaintiff was originally attempting to again raise those claims in this action, they are dismissed, as barred by claim/issue preclusion.

   B.   **Federal Tort Claims**

Defendants also move to dismiss Plaintiff's claim brought under the Federal Tort Claims Act. Defendants first point out that the only appropriate defendant in an FTCA action is the United States, see 28 U.S.C. § 1346(b)(1), and that Plaintiff has failed to name the United States

as a defendant in his complaint. They contend that Plaintiff's federal tort claim must be dismissed because it is barred by the applicable statute of limitations.

In the complaint, Plaintiff generally alleges that he pursued his claims "via a tort claim." (Doc. No. 1, Compl. at 4.) The only other detail he provides with regard to pursuing a tort claim in his thirty-one (31) page complaint is that a federal tort claim was "subsequently denied on July 6, 2007." (Id. at 8.)

The Federal Tort Claims Act grants jurisdiction to the federal courts to hear suits against the United States Government for torts committed by its employees while in the scope of their employment. See 28 U.S.C. § 2675(a). Pursuant to 28 U.S.C. § 1346(b), the FTCA waives, on a limited basis, the governments' sovereign immunity when the conditions precedent are correctly complied with by the claimant, and only then would the United States be liable "under circumstances where the United States, if a private person, would be held liable to the claimant in accordance with the law of the place where the act or omission occurred."

28 U.S.C. § 2401(b) requires that tort claim actions must be presented to the appropriate federal agency within two years of accrual. If the claimant receives a final denial by the agency, he or she must file the FTCA action in federal district court "within six months of the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." See 28 U.S.C. § 2401(b).

In seeking dismissal of the FTCA claim, Defendants point to the fact that on May 23, 2006, the BOP Regional Office denied Plaintiff's administrative tort claim (#2005-04800) wherein he sought compensatory damages for a personal injury due to the assault by Defendant Dodson on August 15, 2005. (Doc. No. 24, McCluskey Decl., Attach. 4.) Plaintiff

acknowledged the denial of his tort claim on the same date. (Id.) As such, Plaintiff had six months from May 23, 2006, or until November 23, 2006, to file a FTCA lawsuit in federal district court. Because the instant action was not filed until August 16, 2007, Defendants maintain that Plaintiff's FTCA is barred.

In opposing Defendants' motion Plaintiff argues that he filed a second administrative tort claim on December 18, 2006 (#2007-01681). In this tort claim, he sought $70,000 for alleged mental and emotional stress related to the issue of his improper placement in the SHU for purposes of retaliation and to intimidate/hinder him in the pursuit of his claims. He submits documents which support his claim that a second administrative tort was filed on December 22, 2006, and thereafter denied on June 20, 2007. (Doc. No. 32, Exs. B, G.) Although Defendants have filed a brief in reply to Plaintiff's opposition, they fail to address the matter of the second administrative tort claim.

In considering the record before the Court, there is no question that any FTCA brought with regard to the excessive force issue is barred as untimely. The BOP Regional Office denied Plaintiff's first tort claim (#2005-04800) which raised this issue on May 23, 2006. Any attempt to pursue a FTCA in the instant suit filed on August 16, 2007, is clearly untimely.

However, in opposing Defendants' motion to dismiss, Plaintiff alleges that he actually filed a second administrative tort claim (#2007-01681) pursuing issues related to the alleged improper SHU placement. He further claims that the denial with regard to this tort claim was issued on June 20, 2007, just two (2) months prior to the filing of the instant FTCA action. (Doc. No. 32, Ex. G.)

Plaintiff's complaint fails to properly clarify the details with regard to the FTCA claim he

wishes to pursue.  It is not until he files his brief in opposition to Defendants' pending motion that it becomes clear Plaintiff filed a second administrative tort claim.  Defendants do not address the second administrative tort claim in their pending motion to dismiss.  In light of the current posture of this matter, and without expressing any opinion as to the viability of any such FTCA claim based upon the second administrative tort claim, the Court finds that Plaintiff should be permitted leave to file an amended complaint in this action.  The amended complaint must be strictly limited to raising a FTCA ground with regard to the issues set forth in the second administrative tort claim.  Thereafter, Defendants will have the opportunity to address this claim by filing an appropriate response to the amended complaint.

      An appropriate Order follows.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ALFONZO A. ROSCOE,** | : | **CIVIL NO. 1:CV-07-1509** |
| **Plaintiff,** | : | |
| | : | **(Chief Judge Kane)** |
| v. | : | |
| | : | |
| **C.O. DOBSON, et al.,** | : | |
| **Defendants** | : | |

## ORDER

AND NOW, this 2nd day of February, 2009, upon due consideration of Defendants' motion to dismiss or, in the alternative for summary judgment, and for the reasons set forth in the accompanying Memorandum, **IT IS HEREBY ORDERED THAT:**

1. Defendants' Motion to Dismiss (Doc. No. 23), is **granted** in that Plaintiff's Bivens claims are dismissed in their entirety. The motion to dismiss is also granted with respect to Plaintiff's FTCA claim as it pertains to the issues raised in administrative remedy #2005-04800.

2. Within twenty (20) days from the date of this Order, Plaintiff is granted leave to file an amended complaint setting forth a claim pursuant to the Federal Tort Claim Act. The amended complaint is strictly limited to the issues raised by Plaintiff in his second administrative tort remedy #2007-01681.


 S/ Yvette Kane
YVETTE KANE, Chief Judge
Middle District of Pennsylvania