# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| ALFONZO A. ROSCOE, | : | CIVIL NO. 1:CV-07-1509 |
|---|---|---|
| Plaintiff, | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| UNITED STATES, | : | |
| Defendants | : | |

## MEMORANDUM

Alfonzo A. Roscoe, an inmate confined at the Federal Correctional Institution at Schuylkill, Pennsylvania, filed this civil rights action on August 16, 2007. On the complaint form submitted, Roscoe indicated that this matter was a combined <u>Bivens</u>[1] action pursuant to 28 U.S.C. § 1331, and complaint pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346. In the complaint Roscoe names as Defendants employees at the Federal Correctional Institution at Allenwood ("FCI-Allenwood"), his former place of confinement, as well as the United States of America. On February 2, 2009, the Court issued a Memorandum and Order granting a motion to dismiss filed by Defendants with respect to the <u>Bivens</u> claims raised in this action, as well as Plaintiff's FTCA claim as it pertained to the issues raised in administrative remedy #2005-04800. (Doc. No. 35.) However, Plaintiff was granted leave to file an amended complaint strictly limited to setting forth a FTCA claim regarding issues raised in a second administrative tort remedy (#2007-01681) he had filed. The amended complaint was filed on February 26, 2009. (Doc. No. 36.) Presently pending is a motion to dismiss the amended complaint filed by Defendant United States. (Doc. No. 37.) For the reasons that follow, the motion will be deemed

---

[1] <u>See</u> <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971).

unopposed, and granted.

I.  **BACKGROUND**

In the original complaint Plaintiff set forth claims against various employees at FCI-Allenwood which included excessive force, improper placement in the Special Housing Unit and retaliation. In ruling on Defendants' motion to dismiss, all Bivens claims were dismissed based upon Plaintiff's expressed desire to proceed only on the Federal Tort claims. However, the Court noted that even if Plaintiff were attempting to pursue the Bivens claims, they are barred by the doctrine of claim/issue preclusion.

Plaintiff also sought to raise a claim under the FTCA. In moving to dismiss this claim, Defendants argued that tort claim #2005004800 filed by Plaintiff, wherein he sought damages for personal injury due to the assault by one of the Defendants, was barred by the statute of limitations. The Court granted Defendants' motion, finding that said FTCA claim was clearly untimely. (Doc. No. 35 at 7.) However, in opposing Defendants' motion to dismiss, Plaintiff for the first time argued that he had actually filed a second administrative tort claim - #2007-01681. In this second administrative tort claim, Plaintiff states he sought damages for mental and emotional stress related to the issue of his improper placement in the SHU.

In reviewing the original complaint in this matter, Plaintiff failed to properly clarify details with respect to any second tort claim. Further, based on Plaintiff's assertions, it would appear that any FTCA claim set forth regarding the second tort claim would be timely. As such, on February 2, 2009, the Court issued a Memorandum and Order dismissing the Bivens claims in their entirety, and dismissed the FTCA claim as it pertained to issues raised by Plaintiff in administrative tort claim #2005-04800. However, Plaintiff was granted leave to file an amended

complaint strictly limited to FTCA claims raised in administrative tort claim # 2007-01681. On February 26, 2008, an amended complaint was filed. (Doc. No. 36.) Presently pending is a motion to dismiss the amended complaint by the United States, the only proper Defendant remaining in this action. For the reasons that follow, the motion will be granted.

## II. STANDARD OF REVIEW

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. In reviewing a motion to dismiss, the court must "accept all factual allegations as true, construe the complaint in the light most favorable to plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008)(quoting Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n. 7 (3d Cir. 2002). The court is generally limited in its review to the face of the complaint, attached exhibits, and matters of public record in deciding motions to dismiss. In addition, factual allegations within documents described or identified in the complaint may be considered if the plaintiff's claims are based upon those documents. Pension Benefit Guar. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993). A district court may consider these documents as well as indisputably authentic documents, without converting a motion to dismiss into a motion for summary judgment. Spruill v. Gillis, 372 F.3d 218, 223 (3d Cir. 2004).

Although the moving party bears the burden of showing that no claim has been stated, Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2007), the plaintiff has an obligation to allege facts sufficient to "raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atlantic Corp. v.

Twombly, 127 S. Ct. 1955, 1964 (2007) (internal citations omitted). Furthermore, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Twombly, Id. at 1960. When evaluating a motion to dismiss, a court need not "credit a complaint's 'bald assertions' or 'legal conclusions.'" Evancho v. Fisher, 423 F.3d 347, 354-55 (3d Cir. 2005). Finally, when a plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face," Twombly, 127 S. Ct. at 1960, the complaint should be dismissed. A district court should provide leave to amend "when amendment could cure the deficiency and would not be inequitable." Grayson v. Mayview State Hospital, 293 F.3d 103, 106 (3d Cir. 2002).

## III. DISCUSSION

In the amended complaint Plaintiff specifically states that he brings his claims pursuant to the FTCA, and names the United States as the Defendant. However, he goes on to state, in pertinent part and including all typographical and grammatical errors, as follows:

> Although the FTCA under 28 U.S.C. 1346(b) require that any suit against any officials or agencies of the United States, the United States is to be named as the Defendant, individual employees of the agency, "FBOP" (Federal Bureau of Prisons) are specified as Defendants. They are: former Wardens' Troy Williamson and Karen F. Hogsten, former Associate Wardens' B. Meeks and J. Esparza, former Captain Tim Burns, former SIS Lieutenant B. Feltman, ad SIS Lieutenant J. Lyons, and Lieutenants Clarkson and Hepner.

(Doc. No. 36, Amended Compl. at 2-3.) His allegations concern his placement into the Special Housing Unit at FCI-Allenwood, under administrative detention, following a physical altercation between him and Officer Dodson. Plaintiff alleges he was denied due process with regard to his SHU confinement from August 15, 2005 to December 21, 2005, without being provided any

4

explanation, and further alleges that he was not provided with a segregation review hearing during said confinement. He also complains that the individuals referenced above prevented him from pursuing his allegations against Officer Dodson.

Plaintiff states that the legal claims raised in the amended complaint are violations of his First, Fifth and Fourteenth Amendment rights by the individual government employees. (<u>Id</u>. at 6.) As relief, Plaintiff seeks $70,600 for emotional and mental anguish, loss of sleep and anxiety. (<u>Id</u>. at 7.)

Defendant moves to dismiss Plaintiff's amended complaint on the following grounds: (1) the United States has not waived sovereign immunity for the claims Plaintiff seeks to raise in the amended complaint; (2) to the extent Plaintiff now attempts to assert new <u>Bivens</u> claims, he was only permitted leave to amend to add a FTCA action; and (3) Plaintiff cannot recover compensatory damages for emotional injuries without a prior showing of physical injury. (Doc. No. 38.)

Because Plaintiff failed to file a brief in opposition to Defendants' motion to dismiss, the Court issued an order on April 28, 2009, directing him to do so. (Doc. No. 39.) He was afforded fifteen (15) additional days to submit his opposition to the motion, but he failed to do so. Although Defendants' motion will now be deemed unopposed, the court must nevertheless consider the merits of the motion in order to determine whether Plaintiff fails to state a claim upon which relief may be granted. <u>Stackhouse v. Mazurkiewicz</u>, 951 F.2d 29, 30 (3d Cir. 1991)(ruling that a motion to dismiss should not be granted simply because it is unopposed). Defendant's unopposed motion to dismiss will now be addressed by the Court.

In the Court's Memorandum and Order of February 2, 2009, Plaintiff was granted leave

5

to file an amended complaint strictly limited to raising a FTCA claim with respect to the issues set forth in administrative remedy #2007-01681. The FTCA grants jurisdiction to the federal courts to hear suits against the United States Government for torts committed by its employees while in the scope of their employment. See 28 U.S.C. § 2675(a). Pursuant to 28 U.S.C. § 1346(b) the FTCA waives, on a limited basis, the government's sovereign immunity when the conditions precedent are correctly complied with by the claimant, and only then would the United States be liable "under circumstances where the United States, if a private person, would be held liable to the claimant in accordance with the law of the place where the act or omission occurred."

Instead of doing so, Plaintiff submits an amended complaint setting forth constitutional claims against the United States. The United States is immune from suit absent an explicit waiver of sovereign immunity. Block v. North Dakota ex rel. Board of University and School Lands, 461 U.S. 273, 280 (1983); United States v. Mitchell, 445 U.S. 535, 538 (1980). This immunity, which is "jurisdictional in nature," FDIC v. Meyer, 510 U.S. 471, 475 (1994), extends to government agencies and employees sued in their official capacities. Germosen v. Reno, No. 3:99-cv-1268, at 13 (M.D. Pa. Sept. 20, 2000), aff'd, 90 Fed. Appx. 435 (Table)(3d Cir. 2003). Congress has not waived sovereign immunity for damages claims for constitutional violations. Accordingly, all of Plaintiff's claims are subject to dismissal for lack of subject matter jurisdiction.

Defendant's claim that Plaintiff has failed to comply with this Court's Memorandum and Order of February 2, 2009, is also well-taken. Instead of raising FTCA claims in the amended complaint limited to the issues raised in his second administrative tort claim, Plaintiff submits an

amended complaint against the United States, but names BOP employees in the body of the complaint as "Defendants." He then attempts to set forth Bivens claims against them. In the Memorandum and Order of February 2, 2009, Plaintiff's Bivens claims were dismissed in their entirety and any attempt to raise them again in the amended complaint, or assert new Bivens claims, is not within the permissible scope of the Court's February 2, 2009 directive.

The amended complaint also fails for an additional reason. Plaintiff's sole request for relief is compensatory damages for emotional injuries. He requests said monetary damages, however, without alleging any physical injury as required by 42 U.S.C. § 1997e(e), which conditions a prisoner's claim for mental or emotional injury on a showing of accompanying physical injury. Under § 1997e(e), "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." The "physical injury" requirement of § 1997e(e) may be satisfied by a "less-than-significant-but-more-than-de minimis physical injury as a predicate to allegations of emotional injury." Mitchell v. Horn, 318 F.3d 523, 534 (3d Cir. 2003).[2]

In the amended complaint, Plaintiff does not allege physical injury. He exclusively seeks compensatory damages for emotional and mental anguish, loss of sleep and anxiety. In Allah v. Al-Hafeez, 226 F.3d 247, 250 (3d Cir. 2000), the United States Court of Appeals for the Third

---

[2] Even if Plaintiff had complied with the Court's Memorandum and Order of February 2, 2009, and raised a FTCA claim in the amended complaint, he would fare no better. 28 U.S.C. § 1346(b)(2) also requires a showing of less-than-significant-but-more-than-de minimis physical injury as a predicate to allowing the successful pleading of an emotional injury. See Mitchell, 318 F.3d at 536; Michtavi v. United States, No. 4:07-cv-0628, 2009 WL 578535, at *5 (M.D. Pa. Mar. 4, 2009).

7

Circuit recognized that where a plaintiff fails to allege actual injury, § 1997e(e) bars recovery of compensatory damages. While the Third Circuit added that an inmate alleging a violation of his constitutional rights may still pursue the action to recover nominal and/or punitive damages even in the absence of compensable harm, Plaintiff does not seek such damages, and has not opposed the instant motion to dismiss. Id.; see also Ostrander v. Horn, 145 F.Supp.2d 614, 618 (M.D. Pa. 2001). Plaintiff has made no allegation whatsoever of physical injury, and therefore, his claims must be dismissed.

For all of the above reasons, the unopposed motion to dismiss will be granted. An appropriate Order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALFONZO A. ROSCOE, | : | CIVIL NO. 1:CV-07-1509 |
|     Plaintiff, | : | |
| | : | (Chief Judge Kane) |
|   v. | : | |
| | : | |
| UNITED STATES, | : | |
|     Defendant | : | |

# ORDER

**NOW, THEREFORE, THIS 13th DAY OF JULY, 2009,** for the reasons set forth in the accompanying Memorandum, **IT IS HEREBY ORDERED AS FOLLOWS:**

1. Defendant's Motion to Dismiss (Doc. No. 37) is **granted**, and all claims set forth therein are dismissed in their entirety.

2. The Clerk of Court is directed to **close this case**.

3. Any appeal from this order is deemed frivolous and not in good faith. See 28 U.S.C. § 1915(a)(3).

                                              S/ Yvette Kane
                                              YVETTE KANE, Chief Judge
                                              Middle District of Pennsylvania